**A. ROBBIN & COMPANY, Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 14472.**

United States Court of Appeals Seventh Circuit.

Sept. 30, 1964.

Irvin H. Weiss, Chicago, Ill., for petitioner.

J. B. Truly, Asst. Gen. Counsel, J. Richard Carr, Atty., Federal Trade Commission, Washington, D. C., James McI. Henderson, Gen. Counsel, Charles C. Moore, Jr., Atty., Federal Trade Commission, for respondent.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner, A. Robbin & Company, hereinafter called "Robbin," seeks review of a cease and desist order of the respondent, the Federal Trade Commission, on the ground that the Commission's finding of violations of the Flammable Fabrics Act (15 U.S.C. § 1191 *et seq.*) and of the Federal Trade Commission Act (15

U.S.C. § 41 *et seq.*) in itself does not warrant the issuance of such an order and that in any event the order exceeds the scope of the Commission's remedial discretion.

Robbin is a small jobber in the wholesale and retail sale of fabrics in Chicago, with about 3% of its business involving sales of a tulle veil netting called "bridal illusion" which Robbin acquires by direct import from a French manufacturer, Aime Baboin of Paris, and from Gilmore Trading Company of New York City.

Robbin admits that two swatches of this fabric submitted to the Commission's investigator for testing did not meet the standards of the Flammable Fabrics Act. However, Robbin states that immediately afterward advice was requested by telephone and letter from the Commission concerning procedures to be followed, and that the following letter was received:

"November 27, 1961
"HDS

"Mr. Al Robbin,
"A. Robbin & Co.,
"321 Jackson Boulevard,
"Chicago, Illinois.

"Dear Mr. Robbin:

"Reference is made to the conversation had with you today concerning the importation of approximately 100 pieces of bridal illusion of approximately 40 yards each.

"The purpose of the tests mentioned in the Flammable Fabrics Act is to determine whether the goods are so highly flammable as to be dangerous when worn by individuals. Also, if a guaranty is given it must be based upon reasonable and representative tests as prescribed in Rule 7 of the Regulations under the Flammable Fabrics Act.

"By testing ten percent of the pieces, assuming them to pass, this would be sufficient under Rule 7 for the giving of a guaranty. I understand four lots are involved and there should be representative samples from each lot. Of course, as to

each piece of fabric, whether it is dangerously flammable, it must stand on its own merits.
"Sincerely yours,
"Henry D. Stringer,
"Assistant Director,
"Bureau of Textiles and Furs.
"HDS:ab"

Robbin asserts that tests of 10% of the pieces were thereafter made as suggested, by the United States Testing Company, and that all bridal illusion thereafter purchased has been warranted by the supplier to comply with the Act.

The Commission nevertheless charged Robbin with importing and subsequently selling and transporting in interstate commerce fabric which under the Flammable Fabrics Act was so highly flammable as to be dangerous when worn by individuals.

Robbin's substituted answer submitted during the course of the resulting hearing reads:

"COMES NOW respondent Al Robbin, an individual trading as A. Robbin & Company and answering the complaint in this proceeding, states:

"That he elects not to further contest the allegations of fact set forth in the complaint, and that in accordance with Section 4.5(b) (2) of the Federal Trade Commission's Rules of Practice he admits all material allegations of the complaint to be true."

Robbin contends that the Commission is relying solely on the initial two swatches submitted before installation of the new procedures, but the results of Robbin's own tests of 10% of its later shipments, exhibited in the hearing before the Commission, showed that despite the guaranty, some samples of the Aime Baboin fabric failed the flammability test.

Although Robbin destroyed that part of the tested 10% which failed to pass, all of the 90% of untested fabric was evidently sold without any further testing.

The Commission found that those procedures adopted by Robbin after the investigation began were not sufficient to protect the purchasing public and concluded that there had been no abandonment or discontinuance of the practices charged in the complaint, and admitted by the answer of Robbin.

The Commission issued its Order prohibiting Robbin from importing, selling, or transporting for sale any fabrics so highly flammable, measured by statutory standards, as to be dangerous when worn by individuals.

Robbin argues that the Commission erred in disregarding the fact that Robbin complied fully with its suggested procedure for testing and in presuming that the procedure followed by Robbin would not follow the Flammable Fabrics Act intent.

Apart from the fact that the testing of only 10% is mentioned in the letter quoted above only in connection with giving a guaranty, the very letter on which Robbin relies says: "By testing ten percent of the pieces, *assuming them to pass,* * * *" [emphasis added]. Robbin's tests did not show that all 10% of the tested pieces passed. Nevertheless the remaining 90% was subjected to no further testing before sale.

The guaranties on which Robbin relies, under § 8 of the Act, protect Robbin, as set out in § 8 itself, only against prosecution under § 7 of the Act which relates to willful violations of the Act, carrying penalties of fine and imprisonment.

The Commission has broad discretion in formulating its orders. See Niresk Industries Inc. v. F. T. C., 7 Cir., 1960, 278 F.2d 337, at page 343, cert. den. 364 U.S. 883, 81 S.Ct. 173, 5 L.Ed.2d 104, where this Court said:

"The Commission has a large discretion in its choice of a remedy which it deems necessary to cope with the unlawful practices found, and the courts may interfere with the Commission's choice only if the remedy selected bears no reasonable relationship to such unlawful practices. [citing cases] * * *

"We think it is entirely reasonable for the Commission to frame its order broadly enough to prohibit petitioners' use of identical illegal practices for any purpose, or in conjunction with the sale of any and all products."

Other fabrics sold by Robbin such as taffeta, organza and chiffon, have been found dangerously flammable in other cases. Joycette Fabrics Corp., et al., 3 CCH Trade Reg.Rep. ¶16,734, January 23, 1964.

It was not unreasonable for the Commission to prohibit the sale of all flammable fabrics rather than to limit its order only to bridal illusion. Nor must the Commission proceed (as Robbin suggests) to restrain in toto the importation of any bridal illusion into the United States.

The Commission's Order to cease and desist is affirmed and will be enforced.

Affirmed and enforced.